**E-FILED**
Friday, 14 January, 2005  04:36:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., ) | | |
| a Delaware corporation, ) | | |
|  ) | | |
| Plaintiff, ) | | |
|  ) | | |
| v. ) | Case No. 03-2079 | |
|  ) | | |
| DAVID H. CLEMMONS, ) | Hon. David C. Bernthal | |
| an individual, ) | | |
|  ) | | |
| Defendant. ) | | |

**PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff Ramada Franchise Systems, Inc. ("RFS") respectfully submits this petition for an award of a portion of the attorneys' fees and costs that it has incurred in prosecuting its Lanham Act trademark infringement claims against the defendant David H. Clemmons ("Clemmons") as a result of his willful infringement of the Ramada Marks.

In the course of obtaining summary judgment against Clemmons on its Lanham Act claims, RFS prepared, filed and served its verified complaint, prepared its motion for preliminary injunction and supporting brief and affidavits, engaged in discovery and a series of negotiations with defense counsel, and briefed its successful motion for summary judgment and supporting materials against Clemmons, among other work performed on the matter. Accordingly, RFS respectfully seeks an award of a portion of its fees incurred in its prosecution of its Lanham Act claims against Clemmons, in the amount of $27,298.64. This amount consists of $26,444.00 in attorneys' fees and $854.64 in costs, pursuant to 15 U.S.C. § 1117(a), 28 U.S.C. § 1920, F.R.C.P. 54(d), Local Rule 54.1 and this Court's January 5, 2005 Order.

I.      **RFS IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS**

As the Seventh Circuit recognizes, "The Lanham Act allows for fees in 'exceptional' cases, 15 U.S.C. § 1117(a), which encompasses cases in which the acts of infringement are 'malicious, fraudulent, deliberate of willful." BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1099 (7th Cir. 1994) ("A decision to award attorneys' fees under the Lanham Act is firmly committed to the district court's discretion. . . . [t]he law of this Circuit clearly allows the district court to award attorneys' fees based upon the defendants' "malicious, fraudulent, deliberate *or* willful" infringement") (emphasis in original); see also Gorenstein Enters. V. Quality Care-USA, Inc., 874 F.2d 431, 436 (7th Cir. 1989) (upholding district court's award of treble damages, attorneys fees and prejudgment interest under the Lanham Act where terminated franchisee's infringement was willful).

In its Order dated December 8, 2004, this Court held that Clemmons' infringement of the Ramada Marks was willful, and found Clemmons liable on RFS' Lanham Act claims for double trademark infringement damages totaling $83,176.00.[1] (12/8/04 Order at 14.)  As the Court noted, in this case Clemmons knew full well that his Franchise Agreement with RFS had been terminated and that he was required to remove the Ramada Marks from his hotel facility at that time. (Id.)  Clemmons' continued post-termination display and misuse of the Marks at his facility, despite his full knowledge of the infringement, his ability and obligation to cease the infringement, and cease and desist demands from RFS, warrant an award of the reasonable attorneys' fees and costs that RFS seeks in this Petition.

---

[1] The Court also held Clemmons liable for damages on RFS' breach of contract claims.

## II.     THE STANDARD FOR DETERMINING REASONABLE ATTORNEYS' FEES

In the Seventh Circuit, reasonable attorneys' fees are determined by multiplying the hours reasonably expended on litigation by a reasonable hourly rate to arrive at a base figure commonly called a "lodestar." Strange v. Monogram Credit Card Bank of Georgia, 129 F.3d 943, 945-46 (7th Cir. 1997). This Court may then increase or decrease the lodestar figure according to twelve factors set forth in Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. The Seventh Circuit has held that "only time spent on claims for relief that are unsuccessful and unrelated to the ultimate result achieved are not compensable." Rosario v. Livaditis, 963 F.2d 1013, 1020 (7th Cir. 1992), (quoting Jackson v. Illinois Prisoner Review Bd., 856 F.2d 890, 894 (7th Cir. 1988)).

As set forth below, RFS has calculated a reasonable lodestar. Although the base amount reasonably could be greater, and could be adjusted upward in full accordance with the federal factors, RFS has elected to seek only a portion of its fees in this Petition.

3

### III. RFS HAS REQUESTED REASONABLE ATTORNEYS' FEES

#### A. This Fee Petition Sets Forth the Reasonable Number of Hours Expended in this Litigation for which RFS Seeks Reimbursement.

As set forth in the accompanying Affidavit of Robin M. Spencer (attached hereto as Exhibit A), the time and services for which RFS seeks reimbursement accurately describe the legal services rendered and time expended in the prosecution of RFS' Lanham Act claims by Schiff Hardin LLP. The fees and costs sought by RFS in this Petition are customary and reasonable for the prosecution of a case of this type, and are consistent with the rates approved in other awards that have been made in this District.

#### B. RFS Staffed This Matter Appropriately, and Requests a Reasonable Hourly Rate.

RFS' attorneys have charged market rates for their services, which are the presumptively reasonable method for calculating attorneys' fees in this Circuit. See Eddleman v. Switchcraft, Inc., 965 F.2d 422, 424 (7th Cir. 1992) ("The reasonable hourly rate to be used in computing the lodestar figure should be based on the appropriate market rate for the attorney's work"); Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp., 73 F.3d 150, 153 (7th Cir. 1996) ("the best evidence of the market value of legal services is what people pay for it"); People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. 1996) ("the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate"). As set forth in the accompanying affidavit, the rates, fees, and costs requested in this Petition are well within the customary hourly rates charged by attorneys for litigation services of this type. The requested fees thus represent the market value of the work performed in this litigation.

On May 8, 2003, this case was filed by Schiff Hardin LLP on behalf of RFS. From the date of its inception through the present this matter has been handled by one Schiff Hardin LLP

4

partner (Robin M. Spencer), and one Schiff Hardin LLP associate (Fiona A. Burke). (Spencer Aff., ¶¶ 7-8). RFS seeks $26,444.00 in attorneys' fees for legal work performed by Schiff Hardin LLP in connection with RFS' trademark infringement claims through January 2005, which includes the research and preparation of the complaint, service of process, preparation and filing of its motion for preliminary injunction and supporting papers, discovery, negotiations with defense counsel, and briefing its successful motion for summary judgment on its Lanham Act claims and supporting materials. The Schiff Hardin LLP attorneys' fees for which RFS seeks reimbursement are reflected in the billing detail attached to the affidavit of Robin M. Spencer. RFS has included in this Petition only those fees fairly attributable to its Lanham Act claims for which it is seeking reimbursement. RFS is not seeking its total fees on the matter or entries attributable to other claims or work on the matter, and the amount of fees it seeks represents a discount of nearly 40 percent of its total fees in the matter.

        C.      **Additional Circumstances Justify The Requested Fees.**

                1.      **RFS Acted Appropriately to Protect the Interests at Stake in This Litigation.**

RFS acted appropriately to protect its trademarks, the traveling public and the system interests at stake in this litigation. It is of critical importance to maintain uniform quality of the lodging facilities throughout RFS' franchise system, in order protect RFS' guests and its trademarks. Given the breadth of the RFS system, it is also important for RFS to enforce its trademark rights against infringing former franchisees. In this case, Clemmons engaged in willful trademark infringement of RFS' valuable Ramada Marks, with full knowledge of the termination of his Franchise Agreement and his obligations to cease the infringement. RFS had no ability to ensure the quality of services at the facility after the termination of the Franchise Agreement. RFS' enforcement of its trademark rights was both appropriate and important, both

5

in the message it sent to the system as a whole as well as in the recovery RFS obtained for its past and future efforts in this region. (Spencer Aff., ¶ 18.)

### 2. RFS Has Been Awarded The Relief Sought In Its Complaint.

RFS respectfully submits that the Lanham Act results obtained against Clemmons in this case fully justify the fee award requested. As the Seventh Circuit has noted, "where a plaintiff has obtained excellent results, her attorney should presumptively recover a fully compensatory fee, encompassing all hours reasonably expended on the litigation." Smith v. Great Am. Rests., Inc., 969 F.2d 430, 440 (7th Cir. 1992). RFS seeks only a portion of its reasonable fees in this Petition.

While the Seventh Circuit has explicitly rejected arguments that attorneys' fees must be proportional to damage awards, Alexander v. Gerhardt Enters., Inc., 40 F.3d 187 (7th Cir. 1994); Estate of Borst, 979 F.2d 511 (7th Cir. 1992), the fees RFS seeks here, are in fact proportional to the harm posed to RFS by Clemmons' disregard of the federal trademark law, as described above.

## IV. RFS REQUESTS REIMBURSEMENT FOR A PORTION OF ITS COSTS

### A. RFS Is Entitled To a Portion of Its Costs Incurred In This Litigation.

In addition, RFS is entitled to recover its costs incurred in this action pursuant to section 35(a) of the federal Lanham Act, Rule 54(d) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. RFS is seeking recovery only of those costs incurred for filing and serving the complaint and for duplicating necessary to prosecuting its claims, and respectfully asks this Court for an award of $854.64 for those costs. (See Spencer Aff., ¶ 19; see also Form AO 133, Bill of Costs Summary, attached hereto as Exhibit B). RFS has included costs for copying documents necessary to prosecuting its claims in this litigation, at a rate of $.10 per page. Those

charges are reasonable and customary among law firms in the area. RFS has included in Exhibit A only those entries for which it is seeking reimbursement, with interlineated explanations, where appropriate, in brackets. (Spencer Aff., ¶ 19; Exhibits A & B.)

## **CONCLUSION**

WHEREFORE, RFS respectfully requests that the Court award the attorneys' fees and costs set forth in this Petition for Award of Attorneys' Fees and Costs Against David H. Clemmons, for a total award of $27,298.64. (A proposed Judgment Order that includes an award of attorneys' fees and costs is attached hereto as Exhibit C.)


Dated: January 14, 2005                    RAMADA FRANCHISE SYSTEMS, INC.

                                           By:___s/Robin Spencer_____

                                                  Counsel for Plaintiff


Paula J. Morency
Robin M. Spencer
Fiona A. Burke
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500 phone
(312) 258-5700 fax

## CERTIFICATE OF SERVICE

I, Robin M. Spencer, an attorney, hereby certify that I caused to be served a copy of the foregoing PLAINTIFF'S PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS, with a proposed order, upon the following by virtue of the Court's ECF filing system on January 14, 2005:

> Ronald E. Osman, Esq.
> Ronald E. Osman & Associates Ltd.
> 1602 W. Kimmel St.
> P.O. Box 939
> Marion, Illinois 62959-1003
> (618) 997-5151
> (618) 997-4983

        s/Robin M. Spencer
        Robin M. Spencer

CH1\4220684.1