E-FILED
Friday, 14 January, 2005  04:36:57 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **RAMADA FRANCHISE SYSTEMS, INC.,**<br>**a Delaware corporation,** | ) <br> ) <br> ) | |
| **Plaintiff,** | ) <br> ) | |
| **v.** | ) <br> ) | **Case No. 03-2079** |
| **DAVID H. CLEMMONS,**<br>**an individual,** | ) <br> ) <br> ) | **Hon. David C. Bernthal** |
| **Defendant.** | ) | |

### AFFIDAVIT OF ROBIN M. SPENCER

I, Robin M. Spencer, being duly sworn on oath, state as follows:

1.      I have personal knowledge of the following facts, and am prepared to testify to them if called as a witness. I respectfully submit this affidavit in support of Plaintiff's Petition for Award of Attorneys' Fees and Costs, with respect to work performed by Schiff Hardin LLP for RFS in connection with prosecuting its Lanham Act claims in this matter.

### Background and Counsel

2.      I am an attorney licensed to practice law in the States of Illinois and Minnesota, and also have been admitted to the bars of the United States District Courts for the Northern District of Indiana, the Northern District of Illinois, the Central District of Illinois, and the Southern District of Illinois. I am a partner at the law firm of Schiff Hardin LLP and a 1994 graduate of the University of Virginia School of Law. I have served as Regional Counsel for Ramada Franchise Systems, Inc. ("RFS") and its affiliates in the states of Wisconsin, Illinois and Indiana from 1999 to the present, and as counsel for RFS in this matter from January 2003, through the present.

3.    I am a member of the Litigation and Alternative Dispute Resolution Steering Committee of the ABA Forum on Franchising, and have litigated franchise and distributor matters for more than nine years.  In the course of my practice, I have handled or worked actively on what I believe to be hundreds of contested commercial matters both in state and federal court, with a primary focus on distribution and franchise suits.

### The Work For Which Fees Are Sought

4.    RFS requests reimbursement from this Court only for a portion of its fees reasonably and necessarily expended on its Lanham Act claims in this matter, including investigation, preparation of its pleadings and its motion for preliminary injunction and supporting materials; discovery; negotiations with defense counsel concerning ongoing infringement, a consent injunction and settlement of RFS' damages claims; briefing on its successful motion for summary judgment and supporting materials; communications with RFS client personnel (Joe Sciarrotta, Marcus Banks, and Stefani Williams), and associated work.  In support of its petition, RFS submits those portions of the billing detail of the law firm of Schiff Hardin LLP (attached as Exhibit A) for which it seeks reimbursement.  RFS has substantially discounted the amount of fees seeks, and has not included in Exhibit A entries or amounts for which it is not seeking reimbursement.

5.    I personally reviewed the billing entries reflected in Exhibit A, and have reviewed the underlying court records and other documents prepared for this litigation.

### Staffing Of This Matter

6.    The law firm of Schiff Hardin LLP ("Schiff Hardin") serves as Regional Counsel for RFS for Illinois and other Midwestern states, and has performed work for RFS on this matter beginning in 2003.

2

7.    The principal work performed on this matter was done by myself and one associate, Fiona A. Burke.  As set forth in the attached excerpted billing records, RFS was charged an hourly rate of $330.00 for my time through December 31, 2003, an hourly rate of $360.00 beginning on January 1, 2004, and an hourly rate of $395 beginning on January 1, 2005 (RFS is seeking on .20 of an hour of my time for work performed in 2005, for my appearance on a telephonic hearing before the Court.)

8.    Ms. Burke, a Schiff Hardin associate and a 2001 magna cum laude graduate of Loyola University Chicago School of Law, substantially assisted on this matter by performing case assessment and drafting the complaint, preparing the motion for preliminary injunction and supporting affidavits and materials, drafting the motion for summary judgment and supporting affidavits and materials, and associated work on the matter.  RFS was charged an hourly rate of $200.00 through December 31, 2003 and an hourly rate of $230.00 beginning on January 1, 2004 for Ms. Burke's time.

9.    In addition, RFS was charged $170.00 an hour for 2.7 hours of work performed by Schiff Hardin real estate paralegal Sherry L. Sickles, who investigated the ownership and transfer records of the hotel property in connection with RFS' Lanham Act claims.

**Attorneys' Fees For Which RFS Seeks Reimbursement**

**A.    Fees and Discounts Reflected In Schiff Hardin LLP's Time Entries**

10.    The attached billing detail reflects the normal and customary billing rates charged to clients by Schiff Hardin.

11.    RFS seeks an attorneys fee award of $26,444.00, which represents only a portion of its attorneys' fees incurred in connection with this matter to date. (See Exhibit A).  RFS is not seeking reimbursement for all of its fees and has redacted from the billing sheets those for which

it is not requesting an award. RFS has discounted the amount of fees it seeks by nearly 40 percent of its total fees in the matter.

**B.     Total Attorneys Fees Amount Sought by RFS in its Petition**

12.     The total fees sought by RFS in its petition are $26,444.00.

13.     Based upon my experience and judgment, the rates, fees and costs requested by this fee petition are fair, reasonable, and well within those that normally would be charged for the services provided on a Lanham Act matter of this nature, where a claim was investigated, a verified complaint, motion for preliminary injunction and successful motion for summary judgment were prepared and presented to the Court, discovery was undertaken, and other work was performed.

**C.     Appropriateness of Fees Sought by RFS in its Petition**

14.     I am familiar with market rates charged by attorneys who represent parties in franchise litigation and who practice in the Chicago area and other areas of the upper Midwest, by my experience with fee petitions, preparation of client billings and receipt of client payments for my firms, and information disclosed by publications, clients and other counsel in the legal community, including those who act as regional counsel for franchisors.

15.     The rates at which RFS seeks compensation for the services rendered to it by counsel in this matter are well within the prevailing rates for lawyers practicing in the Chicago area and other urban Midwestern legal communities, and are within the appropriate rates charged for litigating a franchise matter such as this case as regional counsel for a national franchisor.

**Special Factors:  RFS Had Significant Interests at Stake in this Litigation**

16.     RFS acted appropriately to protect its trademarks, the traveling public and the system interests at stake in this litigation. It is of critical importance to maintain uniform quality of the lodging facilities throughout RFS' franchise system, in order to protect RFS' guests and its

trademarks. Given the breadth of the RFS system, it is also important for RFS to enforce its trademark rights against infringing former franchisees. In this case, Clemmons engaged in willful trademark infringement after the termination of the Franchise Agreement, despite knowledge of the termination of the License Agreement and demands from RFS that the infringement cease. RFS' enforcement of its trademark rights was both appropriate and important, both in the message it sends to the system as a whole and in the recovery RFS obtained for its past and future efforts in this region.

### Costs For Which RFS Seeks Reimbursement in its Petition

17.    In addition to legal fees, RFS asks this Court to award $854.64 for costs that RFS incurred in the prosecution of this matter against Clemmons for filing fees, service fees and necessary copying expenses. RFS is not seeking reimbursement for entries or amounts that have been redacted from Exhibit A or through which lines have been drawn. (See also Form A0 133, Bill of Costs, attached hereto as Exhibit B.)

FURTHER AFFIANT SAYETH NOT.

_____
Robin M. Spencer

Subscribed and sworn before me
this /*4th* day of January, 2005

_____
Notary Public

"OFFICIAL SEAL"
Lana Teninga
Notary Public, State of Illinois
My Commission Exp. 04/25/2006

CHI\ 4219021.1

5