IN THE UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., A Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 03-2079 |
| DAVID H. CLEMMONS, an individual, | ) ) ) |
| Defendant/Third Party Plaintiff, | ) ) |
| v. | ) ) |
| QUADRANT JOINT VENTURE | ) ) |
| Third Party Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPPORT OF OBJECTION TO PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

NOW COMES the Defendant/Third Party Plaintiff, David H. Clemmons, (hereafter "Defendant") by and through his attorneys, Ronald E. Osman & Associates, Ltd., and for his Memorandum in Support of Objection to Petition for Award of Attorneys' Fees and Costs states as follows:

**THE STANDARD FOR DETERMINING REASONABLE COSTS**

The recovery of costs by a prevailing party is based on Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Pursuant to Rule 54(d) a prevailing party may recover costs "as a matter of course." F.R.Civ.P. 54(d). The prevailing party's entitlement to costs, however, is subject to the ultimate discretion of the district court in determining whether and to what extent costs may be awarded. M.T. Bonk Co v. Milton

Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991); SK Hand Tool Corp. v. Dresser Industries, Inc., 852 F.2d 936, 943 (7th Cir. 1988), cert. denied, 492 U.S. 918, 106 L. Ed. 2d 589, 109 S. Ct. 3241 (1989). When a prevailing party seeks recovery of costs listed under 28 U.S.C. § 1920, the party seeking recovery must show that the costs were incurred as a necessary part of the litigation. Illinois v. Sangamo Constr. Co., 657 F.2d 855, 864 (7th Cir. 1981).

The prevailing party is entitled to reimbursement for copies relating to discovery and court's copies of pleadings, motions, and memoranda. 28 U.S.C. § 1920(4). See Illinois v. Sangamo Construction Co., 657 F.2d 855, 867 (7th Cir. 1981). However, the court must determine which photocopies were "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), and which were made for the convenience of the attorneys. Courts have long held that copies that are made for the convenience of counsel are not taxable costs. In general, when the court is unable to "determine whether the copies in question were reasonably necessary for use in the case, the claim for costs should be denied." See Arachnid, Inc. v. Valley Recreation Products, Inc., 143 F.R.D. 192, 194 (N.D.Ill. 1992).

## PLAINTIFF HAS FAILED TO SHOW GROUNDS FOR REIMBURSEMENT OF COSTS

On January 14, 2005, Plaintiff Ramada Franchise System (hereafter "Plaintiff") submitted its petition for award of attorneys' fees and costs. Plaintiff submitted Form AO 133, Bill of Costs Summary, claiming that it is entitled to reimbursement of $854.64, which includes $633.34 for "fees and disbursements for printing."

However, a review of pages 23 and 24 of Plaintiff's Exhibit A to Petition reveals that it is impossible to ascertain how the "duplicating" costs arose. These numerous

"duplicating" charges are offered with no documentation or proof as to how they were necessary for the litigation. Because the record here provides the Court with no basis to assess the reasonableness of the costs involved or the necessity of the photocopies, Defendant prays that Plaintiff's requests for costs should be denied.

## CONCLUSION

Wherefore, Plaintiff, David Clemmons, pray this Court deny Plaintiff's Petition for Costs of $633.34.

Respectfully submitted,

/s/ Ronald E. Osman
Ronald E. Osman #3123542
Ronald E. Osman & Associates, Ltd.
1602 W. Kimmel/P.O. Box 939
Marion, IL 62959 (618) 997-5151
Facsimile (618) 997-4983

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fiona Burke                                    Paula J. Morency

Robin Spencer

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

/s/ Ronald E. Osman
Ronald E. Osman #3123542
Ronald E. Osman & Associates, Ltd.
1602 W. Kimmel/P.O. Box 939
Marion, IL 62959 (618) 997-5151
Facsimile (618) 997-4983